IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MAURO C. GOROSPE and CAROLINA GOROSPE, as individuals, | ) ) ) ) | CV. NO. 10-00506 DAE-BMK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| SECURITY NATIONAL MORTGAGE; FIRST HAWAII TITLE CORPORATION; ARMANINI INC, d/b/a ALII MORTGAGE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1–100, inclusive, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANT MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS COMPLAINT; (2)
DISMISSING WITH PREJUDICE DEFENDANT MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS TO ALL CLAIMS CONTAINED IN
THE ORIGINAL COMPLAINT, WITH LEAVE TO AMEND CLAIMS
ALLEGING VIOLATIONS OF THE ANTITRUST LAWS, (3) DISMISSING
WITHOUT PREJUDICE PLAINTIFFS' STATE LAW CLAIMS; AND (4)
DISMISSING THE COMPLAINT WITHOUT PREJUDICE AS AGAINST ALL
<u>REMAINING DEFENDANTS</u>

On February 7, 2011, the Court heard Defendant Mortgage Electronic

Registration Systems ("MERS"), Inc.'s Motion to Dismiss. Sean Smith, Esq.,

appeared at the hearing on behalf of Defendant; James Fosbinder, Esq., appeared at

the hearing on behalf of Plaintiffs. After reviewing the supporting and opposing memoranda, the Court GRANTS Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Complaint, DISMISSES WITH PREJUDICE Defendant MERS as to all claims contained in the original Complaint, with leave to amend only claims alleging violations of the antitrust laws, and DISMISSES WITHOUT PREJUDICE Plaintiffs' State Law Claims. (Doc. # 7.) The Complaint is DISMISSED WITHOUT PREJUDICE as against all remaining Defendants.

BACKGROUND

On September 1, 2010, Plaintiffs Mauro C. Gorospe and Carolina Gorospe ("Plaintiffs") filed a Complaint against Defendants Security National Mortgage ("Security"), First Hawaii Title Corporation ("FHTC"), Armanini Inc., d/b/a Alii Mortgage ("Alii"), MERS, and Does 1–100, (collectively, "Defendants") alleging that Plaintiffs had been lured into a predatory mortgage loan.[1] ("Compl.,"

---

[1] Plaintiffs presumably filed the Complaint in this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, because the Complaint states at least one cause of action arising under the laws of the United States. Diversity jurisdiction does not exist in the instant case because at least one Defendant is a citizen of the same state as Plaintiffs. Specifically, the Secretary of State, State of Hawaii's Business Registration Division records indicate that FHTC and Alii are both corporations incorporated in the State of Hawaii. Pursuant to 18 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated . . . ." Thus, FHTC and Alii are both citizens of Hawaii. As Plaintiffs are also citizens of Hawaii, complete diversity fails to exist between Plaintiffs and Defendants. See Exxon Mobil Corp. v. Allapattah Servs.,

Doc # 1.)  Specifically, Plaintiffs' Complaint alleges Counts: (Count I) Declaratory

Relief (Compl. ¶¶ 41–45); (Count II) Injunctive Relief (id. ¶¶ 46–49); (Count III)

Contractual Breach of Implied Covenant of Good Faith and Fair Dealing (id. ¶¶

50–56); (Count IV) Violation of TILA, 15 U.S.C. § 1601, et. seq. (id. ¶¶ 57–67);

(Count V) Violation of Real Estate Settlement and Procedures Act ("RESPA") (id.

¶¶ 68–76); (Count VI) Rescission (id. ¶¶ 77–81); (Count VII) Unfair and

Deceptive Business Act Practices ("UDAP") (id. ¶¶ 82–87); (Count VIII) Breach

of Fiduciary Duty (id. ¶¶ 88–92); (Count IX) Unconscionability – UCC-2-3202[2]

(id. ¶¶ 93–96); (Count X) Predatory Lending (id. ¶¶ 97–109); (Count XI) Quiet

Title (id. ¶¶ 110– 113); and (Count XII) Lack of Standing; Improper Fictitious

Entity (MERS) (id. ¶¶ 114– 121).

Plaintiffs reside in the State of Hawaii.  (Id. ¶ 1.)  Plaintiffs entered

into a loan repayment and security agreement on or about February 13, 2008.  (Id.

¶ 3.)  Plaintiffs executed a note with Security in the principal amount of

---

Inc., 545 U.S. 546, 553 (2005) ("[Section] 1332 ... requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").  Thus, Plaintiffs' Complaint may not be brought under diversity jurisdiction, but is proper in this Court under federal question jurisdiction.

[2]The Court assumes Plaintiffs actually means Uniform Commercial Code § 2-302 – Unconscionable Contract or Clause.

$516,000.00, recorded on February 20, 2008 in the Bureau of Conveyances. (Motion to Dismiss Complaint, "Mot.," Doc. # 7 at 1.) The real property at issue in this loan transaction is located at 38 E. Hawaii Street, Kahului, HI 96732, County of Maui (the "Subject Property"). (Compl. ¶ 2.)

Plaintiffs allege that Defendants "intentionally concealed the negative implications of the loan they were offering," putting Plaintiffs in a position of potentially "losing their home to the very entity and entities who placed them in this position." (Id. ¶ 17.) Plaintiffs also contend that Defendants "hold an interest in a loan that was improperly handled from its inception," and used "acts of deception violat[ing] several statutes and in essence creat[ing] an illegal loan." (Id. ¶¶ 18, 24.) In addition, Plaintiffs assert that Security "illegally, deceptively, and/or otherwise unjustly, qualified Plaintiffs for a loan which [they] knew or should have known that Plaintiffs could not qualify for or afford . . . ." (Id. ¶ 25.)

On October 1, 2010, Defendant MERS filed a Motion to Dismiss ("Motion") for failure to state a claim upon which relief can be granted. ("Mot.," Doc. # 7.) On January 10, 2011, Plaintiffs filed a Memorandum in Opposition to Defendant's Motion to Dismiss ("Opposition"). (Opp'n, Doc. # 19.) On January 17, 2011, Defendant MERS filed a Reply in support of their Motion.

<u>STANDARD OF REVIEW</u>

I.    <u>Federal Rule of Civil Procedure 12(b)(6)</u>

        Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted. Review is limited to the contents of the

complaint. <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir.

1994). A complaint may be dismissed as a matter of law for one of two reasons:

"(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable

legal claim." <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir.

1984) (citation omitted). Allegations of fact in the complaint must be taken as true

and construed in the light most favorable to the plaintiff. <u>See</u> <u>Livid Holdings Ltd.</u>

<u>v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).

        A complaint need not include detailed facts to survive a Rule 12(b)(6)

motion to dismiss. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007).

In providing grounds for relief, however, a plaintiff must do more than recite the

formulaic elements of a cause of action. <u>See</u> <u>id.</u> at 556–57; <u>see also</u> <u>McGlinchy v.</u>

<u>Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations

without more are insufficient to defeat a motion to dismiss for failure to state a

claim.") (citation omitted). "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

DISCUSSION

For the reasons set forth below, the Court concludes that MERS' Motion to Dismiss should be granted. The Court dismisses with prejudice Defendant MERS as to all claims contained in the original complaint, with leave to amend only claims alleging violations of the antitrust laws. The Court declines to assert supplemental jurisdiction over Plaintiffs' state law claims and determines that they should be dismissed as well. The Complaint is dismissed without prejudice as against all remaining Defendants.

I.     Count IV: Violation of TILA, 15 U.S.C. § 1601, et. seq.

Count IV of Plaintiffs' Complaint alleges that Defendants violated the Truth in Lending Act ("TILA") by failing to provide Plaintiffs with all of the required disclosures. (Compl. ¶¶ 57–67.) Plaintiffs assert rescission and civil liability for the purported TILA violations. Defendant MERS contends that Plaintiffs' TILA claim for rescission has not been sufficiently pled, and that Plaintiffs' TILA claim for damages is barred by the statute of limitations and that equitable tolling does not apply. (Mot. at 9–17.) MERS additionally avers that Plaintiffs may not maintain a TILA claim against MERS because it is not a creditor

as defined by TILA.  (Id. at 10.)  The Court will address these arguments separately.

A.    Rescission Under 15 U.S.C. § 1635

Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty.  15 U.S.C. § 1635(a); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security.  15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986).  A borrower's right to rescind extends for three years if a lender fails to disclose the right to rescind or fails to make any other "material disclosure."  12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1605(u) (indicating that the material disclosures include the annual percentage rate, the finance charge, the amount financed, the total of payments, and the payment schedule).

Here, Plaintiffs consummated the loan on February 13, 2008, and initiated this action on September 1, 2010. Plaintiffs' request for rescission is therefore time-barred unless they can demonstrate that the extended three-year limitations period applies. Count IV of Plaintiffs' Complaint, which sets forth the alleged TILA violations, represents that Defendants failed to provide: (1) a correct payment schedule; (2) a properly disclosed interest rate; (3) an accurate Good Faith Estimate; (4) a disclosure relating to property/hazard insurance; and (5) a CHARM booklet pursuant to 12 C.F.R. § 19(b)." (Compl. ¶¶ 60, 62.)

These allegations are insufficient to show that Plaintiffs are entitled to the extended three-year limitations period for their TILA rescission claim. First, Defendant MERS correctly argues that good faith estimates, "CHARM booklets," and property/hazard insurance disclosures are not among the 'material disclosures' referenced in 12 C.F.R. § 226.23 n. 48. (Mot. at 16.) Section 226.23 of Regulation Z lays out the right of rescission under TILA. Specifically, the statute states that, [i]f the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation," with "material disclosures" defined in footnote 48 as, "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in §§ 226.32(c)

and (d) and 226.35(b)(2)." 12 C.F.R. § 226.23. Thus, Defendants' alleged failure to provide Plaintiffs with good faith estimates, CHARM booklets, or property/hazard insurance disclosures would not trigger an extension of the three-day rescission period under TILA.

Additionally, MERS contends that the remaining disclosures that Defendants allegedly did not provide to Plaintiffs were actually provided to Plaintiffs in a Federal Truth in Lending Disclosure Statement. (Mot. at 17.) Specifically, MERS argues that a correct payment schedule and a properly disclosed interest rate were in fact provided to Plaintiffs. (Id.) The Truth in Lending Disclosure Statement is provided to the Court in Exhibit D of Defendant's Motion. (See Mot. at Ex. D.) Here, the Court takes judicial notice of the Truth in Lending Disclosure statement and as such, agrees with MERS that the relevant disclosures are contained within those documents.[3] Thus, the Court cannot

_____

[3]When a defendant attaches exhibits to a motion to dismiss, the court ordinarily must convert the motion into a summary judgment motion so that the plaintiff has an opportunity to respond. Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998). However, a court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). In the instant case, Plaintiffs' Complaint relies on this notice and

conclude that Plaintiffs are entitled to the extended three-year limitations period for their TILA rescission claim.

Plaintiffs also suggest that the disclosures made by Defendants were "false" or "incomplete." (Compl. ¶ 74.) These allegations, lacking any degree of specificity, are insufficient to put Defendants on notice of the disclosures that allegedly were not provided. Additionally, the Complaint leaves completely unanswered (1) how each Defendant is related to the mortgage agreement and/or note and the servicing of them; (2) which Defendants allegedly committed the alleged wrongs; and (3) when these wrongs were committed. In the absence of this information, the Court cannot conclude that Plaintiffs are entitled to the extended three-year limitations period for their TILA rescission claim.[4]

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' TILA rescission claim.

---

disclosure, or the lack thereof. While Plaintiffs argue in their Opposition that the document contained in Exhibit D of the Motion is inadmissible in a Rule 12(b)(6) motion (Opp'n at 10), they have not questioned the authenticity of the document. Accordingly, the Court takes judicial notice of the document in making its determinations on the instant Motion.

[4]MERS also contends that Plaintiffs cannot rescind the loan because Plaintiffs' loan was a purchase money mortgage, which does not trigger a right under TILA. (Mot. at 15.) The Court need not reach this argument because of its determination that Plaintiffs have failed to state a claim for TILA rescission.

B.      Damages Under 15 U.S.C. § 1640

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915.  Here, Plaintiffs entered into the loan transaction on February 13, 2008, and initiated the present lawsuit on September 01, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiffs' claim for damages under TILA is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin

v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).  In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

In this case, Plaintiffs' only assertion in their Complaint demonstrating that equitable tolling may apply is that "no disclosures, loan applications, interest rate disclosures, loan program or questions were discussed or answered in Plaintiff's native language."  (Id. ¶ 63.)  This allegation, however, is

insufficient to invoke equitable tolling.  First, Plaintiffs fail to demonstrate how not

receiving loan documents or conducting the loan transaction in their native

language prevented them from discovering the alleged TILA violations within the

statutory time period.  Such bare assertions are therefore insufficient to provide a

basis for equitable tolling.  See Iqbal, 129 S. Ct. at 1949.

Moreover, Plaintiffs' assertion that loan documents were not provided

in their native language is insufficient to satisfy the due diligence requirement of

equitable tolling.  Plaintiffs fail to show that even with due diligence, such as

requesting the loan documents in their native language or seeking a translation of

the documents, they would have been unable to obtain vital information bearing on

the existence of a TILA violation within the one-year statutory period.  See  Santa

Maria v. Pac. Bell, 202 F.3d at 1178.  As such, the Court finds that Plaintiffs fail to

state sufficient facts warranting equitable tolling on the basis of being provided

loan documents in a language other than their native one.

In their Opposition, Plaintiffs raise the argument that they are entitled

to equitable tolling on the basis of fraudulent concealment.  (Opp'n at 11.)  To the

extent that Plaintiffs make any allegations of fraud in their Complaint, they have

failed to sufficiently plead facts that rise to the level of the more rigorous

requirements of Rule 9 that apply to allegations of fraud or mistake.  See Fed. R.

Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). Plaintiffs fail to plead the time and place of any alleged fraud and they also do not specify what role each Defendant played in the alleged misconduct. All of Plaintiffs' allegations relating to fraud are legal conclusions entitled to no weight. See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' TILA damages claim.

C.      TILA Claims against MERS

Defendant MERS argues that Plaintiffs may not maintain either of their TILA claims against MERS, because MERS is not a creditor or assignee of a creditor. (Mot. at 10.) TILA specifically provides remedies for violations of TILA as against creditors, see 15 U.S.C. § 1640(a), and assignees of creditors, see 15 U.S.C. § 1641(a). TILA defines a creditor as:

> [A] person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments of for which the payment of a finance charge is or may be required, and (2) is the person who the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such indebtedness, by agreement.

15 U.S.C. § 1602(f). In the instant case, Plaintiffs contend that MERS "was the nominee/beneficiary/trustee for the loan . . . ," and that MERS does not hold a

"beneficial interest in the note."  (Compl. ¶ 7, 118.)  Nowhere in the Complaint

does Plaintiffs allege that MERS falls within the definition of a creditor under

TILA, and because MERS is not alleged to be a TILA creditor, it cannot be liable

to Plaintiffs for any violation of TILA.  As such, amendment of the Complaint to

assert violations of TILA as against MERS would be futile.

Accordingly, the Court GRANTS Defendant MERS' Motion to

Dismiss Plaintiffs' TILA claims against MERS WITH PREJUDICE.

II.     Count V: Real Estate Settlement Procedures Act Violations

Count V of the Complaint alleges that Defendants violated RESPA by

"[giving], provid[ing], or receiv[ing] a hidden fee or thing of value for the referral

of settlement business, including but not limited to, kickbacks, hidden referral fees,

and/or yield spread premiums . . . ," and "requir[ing] the Plaintiffs to pay interest

rates, fees, and/or charges not justified by marketplace economics in place at the

time the lien was originated."  (Compl. ¶ 72, 74.)  Defendant MERS asserts that

Plaintiffs' claims are barred by the statute of limitations and that equitable tolling

does not apply.  (Mot. 18–19.)

RESPA imposes either a one-year or a three-year statute of limitations

depending on the violation alleged.  12 U.S.C. § 2614 (proscribing a one-year

statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605).

Plaintiffs fail to cite any specific provision of RESPA that was violated by Defendants, which is grounds for dismissal of the claim, alone.  See Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1183 (D. Ariz. 2009).[5]  Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests.  Defendants, nor the Court, are required to speculate as to which provisions Plaintiffs are suing under or how Defendants violated such provisions.  Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555.

While Plaintiffs fail to specify under which section of the statute their alleged RESPA claim arises, it appears that they are alleging a violation of 12 U.S.C. § 2607, which relates to kickbacks and unearned fees.  (See Compl. ¶ 69.)

---

[5]Although the Court does not cite to other district courts as precedent, it notes that the cases cited here have also visited a similar issue.

Because Plaintiffs' alleged RESPA claim arose out of the loan origination, which occurred more than one year before Plaintiffs filed the instant action, their claim is barred by the statute of limitations. As discussed above, Plaintiffs are not entitled to equitable tolling because they have failed to allege sufficient grounds showing why they could not bring suit within the limitations period.

Additionally, Plaintiffs cannot state a RESPA claim against Defendant MERS because MERS was never an entity servicing Plaintiffs' loan. Under 12 U.S.C. § 2605, RESPA applies only to loan services, with "servicer" meaning "the person responsible for servicing of a loan." Nowhere do Plaintiffs show that MERS was a loan servicer. Along the same lines as the above TILA analysis, Plaintiffs' failure to show that MERS is a loan servicer defeats Plaintiffs' RESPA claim, and leave to amend would be futile.

Accordingly, the Court GRANTS the Motion to Dismiss as to the RESPA claims. The Court additionally GRANTS Defendant MERS' Motion to Dismiss Plaintiffs' RESPA claim against MERS WITH PREJUDICE.

III.    Count VI: Rescission

Count VI of the Complaint alleges that Plaintiffs are entitled to rescind their loan under violations of TILA, RESPA, fraudulent concealment, Deceptive Acts and Practices (UDAP), and under public policy grounds. However,

rescission is a remedy and not an independent cause of action, thus there must be grounds on which to support an award of rescission.  See Bischoff v. Cook, 185 P. 3d 902, 911 (Haw. App. 2008).

For the reasons stated above in the Court's analysis of Plaintiffs' TILA claim, Plaintiffs are not entitled to rescission under TILA.  Plaintiffs' claim for rescission under RESPA fails as well, because rescission is not a form of relief offered by the statute.  See 12 U.S.C. § 2601–2617.  Additionally, as stated above, Plaintiffs' claim for RESPA fails, thus any derivative claim fails as well.

Accordingly, the Court GRANTS Defendant MERS' Motion to Dismiss as to Plaintiffs' claim for rescission of the loan pursuant to Plaintiffs' TILA and RESPA claims.

IV.    State Law Claims

Plaintiffs' remaining grounds for relief are all state law claims. Pleading state law claims does not confer jurisdiction on this Court.  The Court may exercise supplemental jurisdiction over the state claims only after Plaintiffs have established federal jurisdiction by properly pleading their federal claim. Because the Court has granted Defendant MERS' Motion to Dismiss as to Plaintiffs' TILA and RESPA claims, the Court declines to reach Plaintiffs' state

law claims.  Accordingly, the Court DISMISSES Plaintiffs' state law claims as well.

V.    Leave to Amend

The Court recognizes that it may be possible for Plaintiffs to state a claim if provided the opportunity to amend their Complaint.  However, the Court finds that Defendant MERS is not attempting to foreclose against the Subject Property, which was the impetus for this lawsuit, and is thus DISMISSED WITH PREJUDICE as to all claims in the instant Complaint.  As discussed at the hearing held before this Court on February 7, 2011, Plaintiffs may only amend their Complaint to assert antitrust claims against MERS.  As to all remaining Defendants in this action, the Complaint is DISMISSED WITHOUT PREJUDICE with leave to amend no later than 30 days from the filing of this Order.  Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.

Plaintiffs are advised that the amended complaint must clearly state how each of the named defendants have injured them, and it must also clearly identify the statutory provisions under which Plaintiffs' claims are brought.  If Plaintiffs choose to file an amended complaint, they must (1) follow the directions in this Order; and (2) be ready, willing, and able to pursue their claims, which

includes attending hearings and conferences in person unless there is a legitimate excuse.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendant MERS's Motion to Dismiss Complaint, DISMISSES WITH PREJUDICE Defendant MERS as to all claims contained in the original Complaint, with leave to amend only claims alleging violations of the antitrust laws, and DISMISSES WITHOUT PREJUDICE Plaintiff's State Law Claims. (Doc. # 7.) The Complaint is DISMISSED WITHOUT PREJUDICE as against all remaining Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 8, 2011.

_____
David Alan Ezra
United States District Judge

Gorospe v. Security National Mortgage et al., Cv. No. 10-00506 DAE-BMK; ORDER: (1) GRANTING DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS COMPLAINT; (2) DISMISSING WITH PREJUDICE DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS TO ALL CLAIMS CONTAINED IN THE ORIGINAL COMPLAINT, WITH LEAVE TO AMEND CLAIMS ALLEGING VIOLATIONS OF THE ANTITRUST LAWS, (3) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' STATE LAW CLAIMS; AND (4) DISMISSING THE COMPLAINT WITHOUT PREJUDICE AS AGAINST ALL REMAINING DEFENDANTS